## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Chidiebere Nwaubani** | ) | |
| (Plaintiff) | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 1:13-CV-12552-JLT |
| **Divina Grossman**, in her *official capacity* as | ) | |
| Chancellor, University of Massachusetts Dartmouth | ) | |
| and in her individual capacity, et al. | ) | |
| (Defendants) | ) | |

-----------------------------------------------------------

### MEMORANDUM IN SUPPORT OF RENEWED, EMERGENCY MOTION TO CONTINUE HEARING OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. 43)

Plaintiff, Chidiebere Nwaubani, by and through the undersigned counsel, moves this Court for entry of an order continuing the hearing of the Defendants' Motion to Dismiss the Second Amended Complaint set by the Court for June 10, 2014 (Dkt. 43).

**Background**

This Court unilaterally set the hearing to take place on June 10, 2014 at 2:00pm. The Court did not give the undersigned any input on the scheduled date.

Long before the hearing was scheduled, the undersigned had scheduled to travel to Nigeria for his mother's funeral and burial ceremonies, which took place between the last week of May and the first week of June 2014. The actual burial was on May 30, 2014 but other ceremonies followed after the burial and the undersigned and Plaintiff had planned to spend a little time with family and friends in Nigeria thereafter. See Exhibit A1.

The undersigned moved to continue the hearing on this basis, which the Court denied on May 23, 2014 without any hearing and without explanation.

**Grounds for Relief**

Counsel's mother, Lady Nwaubani died on March 23, 2014. As the 7th Circuit observed in *Adeyeye v. Heartland Sweeteners, LLC*, 721 F. 3d 444 (2013), Christian funeral rites in Nigeria include traditional customs and ceremonial rites unique to each ethnic group or subgroup thereof. In the case of Counsel's mother, this meant that her funeral rites started almost immediately after her death and continued until June 1, 2014 (with an outing Church service).

Like anyone else in any culture, Counsel had an obligation to pay his final respects to his late mother. More particularly, Counsel had a traditional obligation to, at least, participate in the concluding phase of his mother's funeral rites, including her burial which took place on May 30, 2014. At the time the Court denied Counsel's request on May 23, 2014, arrangements for these funeral rites were well set such that it was impracticable to change the dates.

Even before Counsel traveled to Nigeria, much of his time last month was occupied with arrangements for the funeral rites (both in Virginia and Nigeria) and his travel plans. In addition, Counsel returned from Nigeria only late yesterday. As a consequence, Counsel has not had the time to prepare for the hearing on the Motion to Dismiss the Second Amended Complaint. Against this background, Counsel is unable to make an effective case for his client at this hearing.

Counsel is full of apologies for his inability to file this motion earlier. In the first place, Counsel had a prior discussion of his loss and travel plans to Nigeria with opposing Counsel and she did not raise any objection. Counsel therefore took it for granted that the Court would, as a matter of routine, give favorable consideration to his request for a postponement of the hearing—especially given that the request was not opposed by Defendants.

Second, it bears repetition that (a) much of Counsel's time last month was occupied with arrangements for his mother's funeral rites and his travel plans to Nigeria, and (b) Counsel got back to the United States only late yesterday. In these circumstances, Counsel was unable to seek this relief earlier.

**Denying Continuance Will Abridge Plaintiff's Right to Counsel**

Cases support a continuance, particularly when Counsel is not adequately prepared to defend a client. Powell v. Alabama, 287 U.S. 45, 53, 71 (1932) (Sixth Amendment right to counsel includes provision of sufficient time for counsel to give "effective aid in the preparation and trial of the case"). Commonwealth v. Cavanaugh, 371 Mass. 46, 51 (1976) (mere presence of unprepared attorney not sufficient to satisfy right to counsel or due process).

Following the denial order, the undersigned thought that it would have been possible to arrive Washington on June 9, 2014 and attend the hearing in Boston on June 10, 2014 but following delays at the airports, the undersigned arrived home quite late last night with his

family and would be unable to prepare and board another flight to Boston for the scheduled hearing. See Exhibit A2.

"There is no 'mechanical test' for deciding when a denial of a continuance is so arbitrary as to violate a [party's] right to effective assistance of counsel and to due process of law. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied" See Cavanaugh supra, 371 Mass. at 51(internal citations and quotations omitted). Here, circumstances presented in this case justify a continuance to enable counsel afford Plaintiff an adequate representation in this case.

With all due respect, Plaintiff and his counsel should not be made to attend hearing under these circumstances, especially when they made no input on the hearing date and defendants' counsel had earlier agreed to a continuance. In addition, there is no good cause to prevent the Court from rescheduling the hearing date on these facts.

If the requested relief is not granted, the undersigned respectfully requests that a written Order be provided.

For the foregoing reasons, Plaintiff respectfully urges the Court to grant the relief sought and grant a continuance on hearing of the Motion to Dismiss the Second Amended Complaint, and to do so in a manner that allows him sufficient time to prepare an effective representation of his client's interests.

Dated:   June 10, 2014

/s/ Eric Nwaubani
Eric Nwaubani, Esq. (Admitted pro hac vice.)
Plaintiff's Counsel
(DC #: 1011827; New York Bar #: 4421152)
1629 K Street, NW #300
Washington DC 20006
Tel: (202) 446-8050
ennwaubani@yahoo.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

  I, Eric Nwaubani, counsel for Plaintiff, hereby certify that I contacted Ms. Denise Barton, counsel for the Defendants by email and it appears she is not in a position to oppose or support the grant of this renewed motion for a continuance, and Plaintiff seeks the Court's intervention to resolve this Motion.

/s/ Eric Nwaubani
Eric Nwaubani

## CERTIFICATE OF SERVICE

I, Eric Nwaubani, hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to Denise Barton, Esq.

/s/ Eric Nwaubani
Eric Nwaubani, Esq.

Dated: June 10, 2014