UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHIDIEBERE NWAUBANI,<br>   Plaintiff<br><br>v.<br><br>DIVINA GROSSMAN, HENRY THOMAS III<br>ROBERT CARET, JOHN FARRINGTON,<br>ALEX FOWLER, ANTHONY GARRO,<br>JAMES GRIFFITH, WILLIAM HOGAN,<br>JEAN MACCORMACK, DEBORAH<br>MAJEWSKI, JEANNETTE RILEY,<br>CAROL SANTOS and MARK SANTOW<br>   Defendants. | Civil Action No. 13-CV-12552-JLT<br><br>YOUNG, D.J. *as modified*<br>So ordered as the case management<br>scheduling order.<br>  Discovery due _September 1, 2015_<br>  Dispositive Motions due _October 1, 2015_<br><br>_/s/ William G. Young_<br>U.S. District Judge |

## LOCAL RULE 16.1(D) JOINT STATEMENT RE DISCOVERY PLAN

Pursuant to Local Rule 16.1, Plaintiff and the University defendants[1], through their respective counsel, have conferred (beginning on November 7, 2014) and considered the topics contemplated by Fed. R. Civ. P. 16(b) and (c) and 26(f) and, as a result, respectfully submit this joint statement in accord with the Court's November 4, 2014 Order setting a December 1, 2014 scheduling conference. During the meet and confer process, Plaintiff indicated that he would like to conduct discovery on an extensive list of subjects, some of which will likely result in LR 37.1 conferences and, if those are not successful, in Fed. R. Civ. P. 37 motion practice. In view of Plaintiff's

---

[1] The University defendants include Divina Grossman, Henry Thomas III, Robert Caret, John Farrington, Alex Fowler, Anthony Garro, James Griffith, William Hogan, Jean MacCormack, Deborah Majewski, Jeannette Riley, Carol Santos, and Mark Santow.

1

proposed discovery ambit (to which the University defendants added matters concerning Plaintiff's health-related claims, see §B(1)(k)), below, the fact that Plaintiff's counsel is located in Washington, D.C., and the University defendants' undersigned counsel's pre-existing litigation commitments[2] the parties propose that fact discovery conclude on September 1, 2015, on the below schedule, with dispositive motion practice to follow.

## A.  PROCEDURAL ISSUES POTENTIALLY IMPACTING PROPOSED DISCOVERY PLAN.

### 1. Plaintiff's Statement.

Plaintiff is taking steps to amend his complaint. Plaintiff anticipates that the Third Amended Complaint should be filed before the Scheduling Conference.

---

[2] The undersigned, while amenable to moving this case forward in a timely manner, is the sole counsel for defendants in this matter, is one of only two attorneys responsible for litigation matters concerning the entire University of Massachusetts system (comprised of over 70,000 students and over 17,000 employees), has no dedicated administrative staff or associate attorneys working with her on her cases, and has court and agency appearances and other litigation responsibilities state-wide. The University defendants' counsel has the following obligations in the coming four months: (a) Trial set to begin on March 9, 2015 in Gallo O'Connell v. University of Massachusetts Amherst, et al., Case No. 3:12-cv-12170-MGM; (b) Pre-Hearing Conference (in advance of Public Hearing) before the Massachusetts Commission Against Discrimination on January 21, 2015 in Docket No. 10-NEM092398 (with discovery remaining in advance of the conference); (c) Two Massachusetts Court of Appeals briefs (one on Docket No. 2014-P-1705 from SUCV2013-02975 and the other on Docket No. (not yet assigned) from HSCV2014-00150) with the receipt of opening briefs anticipated in December 2014; (d) December 18, 2014 oral argument on dispositive motions in Case No. BRCV2012-00008; (e) Rule 12 motion briefing (and likely argument) in Case No. 3:14-cv-30143-MGM (filed on November 18, 2014); and (f) Rule 12 motion briefing (and likely argument) in Case No. 1:14-cv-13293-RGS (filed on November 21, 2014). Along with these case obligations, numerous other litigation and pre-litigation matters, including the discovery in the instant case, demand the undersigned University counsel's attention in the coming months.

2. **University Defendants' Response.**

The University defendants have not yet seen Plaintiff's proposed third amended complaint and, as such, have not yet considered nor determined their response to it.

B.     **JOINTLY PROPOSED DISCOVERY PLAN.**

1.     **Discovery Subjects:** Without waiving any objection that either party may have to discovery concerning the below-listed subject matter and/or entities, the parties anticipate that discovery, to the extent not privileged or otherwise not discoverable, will include, but not be limited to, the following subjects:

    a.     Documents and information concerning Plaintiff's employment at the University, including but not limited to any agreements or arrangements related thereto;

    b.     Documents and information concerning all of the allegations contained in the Complaint relevant to the remaining claims, including Plaintiff's written and oral communications with the University defendants, other University employees and entities including, but not limited to, the University's Board of Trustees, and written and oral communications with the UMassDartmouth Faculty Federation Local 1895 ("Union");

    c.     Documents and information concerning Plaintiff's personnel file and employment documentation, including faculty activities report and any other files

3

or documents howsoever stored, regarding his positions as Director of AAAS and tenured faculty;

   **d.** Documents and information concerning personnel files and records showing performance of similarly situated faculty in the College of Arts and Sciences in the period, 2005 to 2012;

   **e.** Documents and information concerning University policies and procedures with regard to all the allegations in Plaintiff's complaint including, but not limited to, evaluations, periodic multi-year review (PMYR), removal, demotion and reassignment, internal transfer of tenure, promotion, paid or unpaid administrative leave, merit pay increases, salary increases, sponsorship for professional conferences and sabbatical leave, suspension, termination actions, grievance;

   **f.** Documents and information concerning Plaintiff's pay and salary;

   **g.** Documents and information concerning Plaintiff's pending and past complaints with any judicial or quasi-judicial body, including the Massachusetts Commission Against Discrimination ("MCAD"), the United States Department of Education ("DOE"), and the United States Equal Employment Opportunity Commission ("EEOC") including information and documents concerning the implementation of any measure arising therefrom;

   h. Documents and information concerning Plaintiff's oral and written complaints to the Union or any of its officials, and the Union's grievance policies and procedures;

   i. Documents concerning past and present complaints by other University employees against any of the Defendants regarding any issues relevant to Plaintiff's allegations before any court or administrative body;

   j. Documents concerning proceedings of University employment actions concerning Plaintiff and concerning relevant similarly situated employees regarding any allegation of noncompliance with the collective bargaining agreement and/or University policy and actual University policies governing any such proceedings;

   k. Documents and information concerning Plaintiff's medical records and medical history including, but not limited to, documents, information and testimony concerning any mental or physical health related claim or contention alleged in his Complaint including, but not limited to, his contended diabetes, cardiac condition(s) and mental and emotional health conditions: such documents and information will be subject to a confidentiality agreement to be later negotiated between the parties and, if the parties cannot agree upon one, they shall tender the resultant dispute to the Court in accord with Fed. R. Civ. P. 37;

1. The parties reserve the right to conduct and/or seek to conduct discovery on subjects not listed above.

2. **Automatic Disclosures.**

The parties will abide their Fed. R. Civ. P. 26(a)(1) initial disclosure obligations beginning on December 15, 2014, which is 14 days following the date of the December 1, 2014 scheduling conference.

3. **Fact Discovery.**

The deadline for the close of fact discovery shall be **September 1, 2015**;

   a. During discovery, the parties may use any discovery mechanism provided for by, and in accord with, the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

   b. During fact discovery, if warranted by plaintiff's claims or the University defendants' defenses in this matter, the parties may seek additional time within which to conduct expert discovery.

4. **Motion Practice.**

   a. The parties shall file all dispositive motions ~~sixty (60) days after the close of the Fact Discovery~~ (by October ~~31~~ /1/, 2015 *WAY*).

6

b. A party opposing a dispositive motion shall file an opposition brief sixty (60) days after the date on which a dispositive motion is filed (by December 30, 2015).

5. **Alternative Dispute Resolution**.

Upon receipt of a meaningful settlement offer, the University defendants are willing to engage in alternative dispute resolution, through either informal settlement discussions or a more formal process, including reference of the case to another judicial officer for settlement purposes as described in L.R. 16.4(B) or for other alternative dispute resolution programs as described in L.R. 16.4(C).

6.     **Final Pretrial Conference**.

The final pretrial conference will take place upon further order of the Court.

7.     **Trial**.

The trial will take place upon further order of the Court.

8.     **Settlement**

Plaintiff submitted a written letter concerning his settlement demands to the University defendants on November 17, 2014. This letter has been discussed by the parties and discussions are ongoing.

### 9. Certifications

The below signatures of the parties respective counsel signify their Local Rule 16.1(D)(3) certifications. The parties further agree that they will work cooperatively in the future to refine this discovery plan, and may reach a supplemental agreements as this case proceeds through discovery and may file an amended discovery plan if circumstances arise necessitating such change.

Dated:     November 25, 2014

Respectfully submitted,

| CHIDIEBERE NWAUABANI | UNIVERSITY DEFENDANTS |
|---|---|
| By his attorneys, | By their attorney, |
| /s/ Eric Nwaubani | /s/ Denise Barton |
| Eric Nwaubani, *pro hac vice* | Denise Barton, BBO# 675245 |
| 1629 K Street, NW #300 | Assistant Counsel |
| Washington, DC 20006 | University of Massachusetts |
| Telephone: (202) 446-8050 | 333 South Street, 4th Floor |
| Email: ennwaubani@yahoo.com | Shrewsbury, MA 01545 |
| | Telephone: (774) 455-7300 |
| | E-Mail: dbarton@umassp.edu |

### CERTIFICATE OF SERVICE

I, Denise Barton, counsel for the University defendants hereby certify that the above document was transmitted through the CM/ECF electronic filing system of the United States District Court, to plaintiff's counsel, Eric Nwaubani.

/s/ Denise Barton
Denise Barton